**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| KEVIN BROWN, an individual, | * |
| Plaintiff, | * |
| v. | *   Case No. 4:22-CV-1013 |
| 100 KINGSHIGHWAY LLC, a Delaware limited liability company, | * |
| Defendant. | * |

## COMPLAINT

Comes now Plaintiff, Kevin Brown ("Plaintiff"), by and through counsel, and alleges as follows:

### I. INTRODUCTION

1. Plaintiff brings this action against Defendant, 100 Kingshighway, LLC ("Defendant"), alleging violations of the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 (FHA), 42 U.S.C. §§ 3601-3619 with regard to lack of accessibility at the apartment complex, One Hundred on the Park located at 100 N. Kingshighway Blvd. at West Pine in St. Louis, Missouri (the "Property").

2. Plaintiff seeks monetary, declaratory and injunctive relief arising from violations of the accessibility requirements of the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 (FHA), 42 U.S.C. § 3601-3619. This statute requires that certain apartment complexes built for first occupancy after March 13, 1991 be designed and constructed with accessible and useable features for people with disabilities.

3. Plaintiff, Kevin Brown is a handicapped individual who uses a wheelchair. Plaintiff brings this civil rights action against Defendant for failing to design and/or construct apartments with accessible and useable features for people with disabilities as required by the FHA. Defendant's apartment complex, One Hundred on the Park, which is a multi-family dwelling, has numerous barriers to access. Therefore, Plaintiff seeks a declaration that Defendant's apartment complex violates federal law and an injunction requiring Defendant to comply with the requirements of the FHA.

4. The Defendant's violations of the FHA have thwarted Congressional efforts to eradicate housing discrimination against people with disabilities and rendered units and/or facilities unavailable to people with disabilities. Enforcement of the FHA against Defendant is necessary because of the extensive nature of the civil rights violations at apartments designed, constructed and/or owned by Defendant.

## II. JURISDICTION AND VENUE

5. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 and 42 U.S.C. § § 3613(a). Plaintiff asserts no state law claims.

6. Plaintiff's claims asserted herein arose in this judicial district and Defendant does substantial business in this judicial district.

7. Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## III. PARTIES

8. Plaintiff, Kevin Brown, is and, at all times relevant hereto, was a resident of the State of Missouri. Plaintiff is and, at all times relevant hereto, has been legally handicapped and

is therefore a member of a protected class under the FHA.

9. Defendant, 100 Kingshighway, LLC, is a Delaware limited liability company and the owner of the real property and improvements the Property and the site identified by St. Louis assessor parcel identification number 3883-9-125.000. Upon information and belief Defendant was an owner and participated in the design and construction of the Property.

## IV. STATUTORY BACKGROUND

### A. The FHA

10. Congress enacted the FHA design and construction accessibility requirements as part of a comprehensive revision of the FHA to prohibit discrimination on the basis of disability. The debates and legislative history of the FHA reflect Congressional findings that a person using a wheelchair or other mobility aid is just as effectively excluded from the opportunity to live in a particular dwelling by steps or thresholds at building or unit entrances and by too narrow doorways as by a posted sign saying "No Handicapped People Allowed." In considering the 1988 disability amendments to the FHA, Congress stressed that enforcement of civil rights laws is necessary to protect people with disabilities from the "devastating" impact of housing discrimination, including the "architectural barriers" erected by developers who fail to construct dwellings and public accommodations accessible to and useable by people with disabilities. HR. REP. NO. 100-711, at 25(1988), reprinted in 1988 U.S.C.C.A.N. 2173, 2186.

11. In response to Congressional findings, the FHA mandated that every multi-family apartment building containing four (4) or more units and built for first occupancy after March 13, 1991 ("covered multi-family dwellings") be subject to certain design and construction requirements. Congress specifically rejected the approach of requiring only a specific number or percentage of units be fully accessible. Instead, Congress decided that all

covered multifamily dwellings units must comply with the Act's design and construction requirements. All ground floor units must comply with the following requirements, as must all units served by an elevator:

    a.    Public-use and common-use areas that are readily accessible to, and usable by, people with disabilities;

    b.    Doors into and within covered units that are sufficiently wide to allow passage by people in wheelchairs;

    c.    An accessible route into and through the dwelling;

    d.    Light switches, electrical outlets, thermostats and other environmental controls in accessible locations;

    e.    Reinforcements in bathroom walls that allow for the later installation of grab bars; and

    f.    Usable kitchens and bathrooms such that an individual in a wheelchair can maneuver about the space.

12.     Congress viewed the accessibility requirements imposed by § 3604(f)(3)(C) as "modest." It did not intend to impose "unreasonable requirements" or a "standard of total accessibility," but rather saw the "basic features" required by § 3604(f)(3)(C) as amounting to "minimal standards" that would be "easy to incorporate in housing design and construction." Furthermore, according to the House Report, the § 3604(f)(3)(C) requirements could be met without making new multi-family housing "look unusual" and without "significant additional costs."

13.     Pursuant to Congressional authority, the United States Department of Housing and Urban Development ("HUD") promulgated final FHA design and construction regulations in January 1989, see 24 C.F.R § 100.205 (2008), and published the final Fair Housing Act

Accessibility Guidelines on March 6, 1991 (hereinafter "FHAAG") which incorporates the requirements of the American National Standards Institute for buildings and facilities providing accessibility and usability for physically handicapped people, A117-I-1986 (hereinafter "ANSI"), see 56 Fed. Reg. 9472 (Mar. 6, 1991), and the Fair Housing Act Design Manual in August 1996, which was revised in August 1998.

## V. FACTUAL BACKGROUND

### A. The Property

14. One Hundred on the Park is an apartment complex located at 100 N. Kingshighway Blvd. at West Pine. The Property consists of approximately 316 units in one building and the apartment complex is served by elevators.

15. The Property was designed and constructed for first occupancy after December 18, 2020.

16. The Property contains "covered multifamily dwellings" within the meaning of 42 U.S.C. § 3604 (f)(7).

17. The covered multifamily dwellings at the Property are subject to the requirements of 42 U.S.C. § 3604 (f). These include all ground floor units and units served by elevators.

18. Defendant's failure to design and construct the Property in compliance with Section 3604(f)(3)(C) occurred during the design and construction of the Property and continued until all units were leased.

### B. Plaintiff's Investigation.

19. Plaintiff was researching apartments in the St. Louis area. Plaintiff visited the Property and looked at one or more units. Plaintiff observed that there were accessibility

barriers that would interfere with his ability to access and use the facilities.

20. The existence of barriers and the lack of accessible features deterred Plaintiff from renting an apartment at the Property.

21. As a result of Defendant's non-compliance with the FHA, Plaintiff, unlike persons without disabilities, cannot independently use the features of Property.

22. Defendant's apartments lack various mandatory elements required by the FHA, to make the apartments accessible and useable for people with disabilities.

23. As a handicapped individual and advocate for same, Plaintiff is concerned whether apartments are accessible and useable for people with disabilities.

24. Plaintiff has been injured by the Defendant's discriminatory practices and failure to design and/or construct apartments that are constructed with accessible and useable features for people with disabilities as required by the FHA. These injuries include experiencing discrimination and being deterred from renting at the Property. These blatant violations effectively communicate that people with disabilities are not welcome in the Property.

25. Without injunctive relief, Plaintiff and others will continue to be unable to fully access and use the Property in violation of their rights under the FHA.

**C.    FHA Violations.**

26. The Defendant's violations of 42 U.S.C. § 3604(f)(3)(C) at the Property include, but are not limited to, those outlined below. These allegations represent just some of the evidence of the Defendant's failure to design and construct covered units and the public and common use areas in accord with 42 U.S.C. §3604(f)(3)(C) and are not intended as an exhaustive inventory of such violations. Plaintiff anticipates that an inspection of the Property will identify additional violations.

27. Defendant has failed to design and/or construct public and common-use areas

that are readily accessible to and usable by people with disabilities in compliance with 42 U.S.C. § 3604(f)(3)(C)(i) and 24 C.F.R. §100.205(c)(1) (2008). For example:

    a.    There was no accessible route provided in the Game Room to access the common area around the TV/Theatre Center.

    b.    The centralized mailbox center was not accessible. The mail drop boxes are above 48 inches for wheelchair users.

    c.    There were no accessible garages available to residents while non-accessible garages were available to residents.

28.    Defendant has failed to design and/or construct accessible routes into and through all units within covered dwellings in compliance with 42 U.S.C. § 3604 (f)(3)(C)(iii)(I) and 24 C.F.R. § 100.205(c)(3)(i) (2008). For example:

    a.    There was no accessible route provided from the dwelling areas in the units to the balcony/patio of each unit.

29.    Defendant has failed to design and/or construct light switches, electrical outlets, thermostats and other environmental controls in accessible locations in compliance with 42 U.S.C. § 3604 (f)(3)(C)(iii)(II) and 24 C.F.R. § 100.205(c)(3)(ii) (2008). For example:

    a.    Thermostats and other environmental controls are inaccessible because they are beyond the reach range of people in wheelchairs.

    b.    Thermostats are installed at heights above 48 inches.

    c.    Electrical outlets have been installed outside the maximum reach range the kitchens, bathrooms, and other living spaces in Defendant's apartment units.

30.    Defendant has failed to design and/or construct usable kitchens and bathrooms such that an individual in a wheelchair can maneuver about the space in compliance with

42 U.S.C. § 3604(f)(3)(C)(iii)(IV) and 24 C.F.R. § l00.205(c)(3)(iv) (2008). For example:

      a.      Bathrooms are inaccessible because they lack the requisite clear floor space at some of the toilets.

      b.      Bathroom showers and bathtubs are inaccessible because they lack the requisite 36-inch clearance.

      c.      Kitchens are inaccessible because some lack the required clear space for maneuvering and turning.

31. Further, by failing to provide the accessible and useable features required by 42 U.S.C. § 3604(f)(3)(C) at the Property for people with physical disabilities, including but not limited to those outlined above, Defendant has violated 42 U.S.C. § 3604(f)(1) and/or have discriminated against them in the terms, conditions or privileges of the rental of dwellings in violation of 42 U.S.C. § 3604(f)(2).

32. The discriminatory violations described above are not an exhaustive list of the Defendant's current violations of the FHA because Plaintiff was unable to access and assess all areas of the subject premises due to the lack of accessibility encountered. A complete list of the subject location's FHA violations involving accessibility and affecting the Plaintiff as a wheelchair user, and the remedial measures necessary to remove same, will require entry of the Property and on-site inspection by Plaintiff's representatives pursuant to Rule 34 of the Federal Rules of Civil Procedure.

## VI. CAUSE OF ACTION
### Violation of the FHA, 42 U.S.C. § 3601, et seq.

33. The allegations in the preceding paragraphs are incorporated by reference.

34. The Property contains residential apartment units that are "dwelling[s]" within the meaning of 42 U.S.C. § 3602(b).

35. At the Property, all ground-floor units and upper floor units served by elevators not in townhomes are "covered multifamily dwellings" within the meaning of 42 U.S.C. § 3604(f)(7)(A), were built for first occupancy after March 13, 1991, and are subject to the design and construction requirements set forth in 42 U.S.C. § 3604(f)(3)(C) of the FHA. The public-use and common-use areas of the Property are also subject to the design and construction requirements of 42 USC. § 3604(f)(3)(C).

36. Through the actions and inactions described above, the Defendant has:

 a. discriminated in the rental of, or otherwise made unavailable or denied, dwellings to persons because of their disabilities in violation of 42 U.S.C. § 3604(f)(1);

 b. discriminated against persons because of their disabilities in the terms, conditions or privileges of rental of a dwelling, or in the provision of services or facilities in connection with the rental of a dwelling, in violation of 42 U.S.C. § 3604(f)(2); and

 c. failed to design and construct dwellings in compliance with the requirements mandated by 42 U.S.C. § 3604(f)(3)(C) and the applicable regulations, 24 C.F.R. Part 100.205 (2008).

37. Defendant's discriminatory conduct has damaged Plaintiff.

## VII. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays the Court for entry of judgment against Defendant and for Plaintiff granting:

 a. A declaratory judgment that at the commencement of this action Defendant was in violation of the specific requirements of the FHA, described above, and the relevant implementing regulations of the FHA;

 b. An injunction, pursuant to 42 U.S.C. § 3613(c)(l)(a), enjoining Defendant, its officers, directors, employees, agents, successors, assigns and all other persons in active

concert or participation with any of them, both temporarily during the pendency of this action, and permanently from:

    1. with regard to the Property, failing or refusing to bring the covered dwelling units and the public use and common use areas into compliance with the requirements of 42 U.S.C. § 3604(f)(3)(C), the Americans with Disabilities Act ("ADA") and the applicable regulations; to comply with such procedures for inspection and certification of the retrofits performed as may be ordered by this Court; and to perform or allow such other acts as may be necessary to effectuate any judgment of this Court against them; failing or refusing to design and construct any covered multifamily dwellings in the future in compliance with 42 U.S.C. § 3604(f)(3)(C) and the applicable regulations; and

    2. failing or refusing to take such steps as will eliminate, to the fullest extent practicable, the lingering effects of the Defendant's unlawful housing practices.

c. An injunction enjoining Defendant from failing or refusing to permit the survey of any of their covered properties that were designed and/or built by the Defendant and any retrofits ordered by the Court to be made at such property, to also comply with such procedures for inspection and certification of the retrofits performed as may be ordered by this Court, and to perform or allow such other acts as may be necessary to effectuate any judgment against the Defendant;

d. Award such damages as would fully compensate Plaintiff for his injuries incurred as a result of the Defendant's discriminatory housing practices and conduct, pursuant to 42 U.S.C. § 3613(c)(1)(a);

e. Award such punitive damages against Defendant as is proper under law, pursuant to 42 U.S.C. § 3613(c)(1)(a);

f. Award of costs of suit;

  g.  Award of reasonable attorneys' fees, expenses, and monitoring fees pursuant to

42 U.S.C. § 3613(c)(2), and other principles of law and equity; and

  h.  Award of such other relief the Court deems just, equitable and appropriate.

**Dated**: September 26, 2022      Respectfully submitted,

           **JONATHAN F. ANDRES P.C.**


         By: /s/ Jonathan F. Andres
           Jonathan F. Andres MO39531
           1127 Hoot Owl Rd.
           St. Louis, MO 63005
           Tel. (636) 633-1208
           Email: andres@andreslawpc.com

           *Attorney for Plaintiff*


**DEFENDANT TO BE SERVED:**

100 KINGSHIGHWAY LLC
c/o National Registered Agents, Inc.
120 S. Central Ave.
Clayton, MO 63105