**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

KEVIN BROWN,

Plaintiff,

v.

CLAYCO, INC., *et al.*,

Defendants/Third-Party Plaintiff,

v.

BAM CONTRACTING, LLC,

Serve: Brian A. Murphy
2342 Lasalle St.
Saint Louis, MO 63104

&

KB INSTALL, L.L.C.,

Serve: Andrew B. Shanfield
168 N. Meramec Ave., Ste. 400
St. Louis, MO 63105

&

WIES DRYWALL AND CONSTRUCTION CORP.,

Serve: Terry Wies
11767 Lackland Rd
St. Louis, MO 63146

&

WIL-BOND CONSTRUCTION LLC,

Serve: Bryan M. Kaemmerer
825 Maryville Centre Drive
Suite 300
Town and Country, MO 63017

Case No. 4:22-CV-1013-PLC

Third-Party Defendants. )

**DEFENDANT/THIRD-PARTY PLAINTIFF CLAYCO, INC.'S THIRD-PARTY COMPLAINT**

COMES NOW Defendant/Third-Party Plaintiff Clayco, Inc. ("Clayco"), by and through the undersigned counsel, pursuant to Federal Rule of Civil Procedure 14, and for its Third-Party Complaint states as follows:

## PARTIES

1. Clayco is a Missouri corporation with its principal office located at 2199 Innerbelt Business Center Drive in St. Louis, Missouri.

2. BAM Contracting, LLC ("BAM") is a Missouri limited liability company with its principal place of business in Missouri. Upon information and belief, BAM's members are citizens of Missouri.

3. KB Install, L.L.C. ("KB") is a Missouri limited liability company with its principal place of business in Missouri. Upon information and belief, KB's members are citizens of Missouri.

4. Wies Drywall and Construction Corp. ("Wies") is a Missouri corporation with its principal place of business in Missouri.

5. Wil-Bond Construction LLC ("Wil-Bond") is a Missouri limited liability company with its principal place of business in Missouri. Upon information and belief, Wil-Bond's members are citizens of Missouri.

## BACKGROUND

6. On or about May 23, 2023, Plaintiff Kevin Brown ("Plaintiff") filed his First Amended Complaint (ECF No. 31) in this matter naming Clayco and others as defendants.

7. The First Amended Complaint concerns the design and construction of the property located at One Hundred Above the Park, 100 N. Kingshighway Blvd., St. Louis, Missouri (the "Property").

8. Plaintiff's claims arise out of alleged violations of the Fair Housing Amendments Act ("FHAA"), 42 U.S.C. § 3601, et seq., at the Property.

9. Clayco denies any and all liability for the claims asserted against it in the First Amended Complaint.

10. Clayco entered into various contracts with multiple subcontractors for work associated with the Property.

11. Those subcontractors include DeLuca Plumbing, LLC ("DeLuca"), Magnusson Klemencic Associates, Inc. ("Magnusson Klemencic"), and Sachs Electric Company ("Sachs") (referred to collectively as "Clayco's Subcontractors"), also named as defendants in Plaintiff's First Amended Complaint.

12. Clayco has filed its Answer to Plaintiff's First Amended Complaint, Affirmative and Additional Defenses, and Cross-Claims against DeLuca, Magnusson Klemencic, and Sachs.

13. Clayco also entered into subcontracts with BAM, KB, Wies, Wil-Bond, and other subcontractors.

**COUNT I: Indemnification against BAM**

14. Clayco incorporates paragraphs 1 through 13 above as if fully set forth herein.

15. On or about May 14, 2019, Clayco entered into a valid subcontract with BAM for finish carpentry and millwork related to the Property ("BAM Subcontract").

16. Section IX of the BAM Subcontract includes the following provision:

> Subcontractor warrants that its design and/or engineering shall include all applicable specifications and criteria specified by the Contract Documents, shall be

> sufficient to pass all applicable inspections and testing required by any federal, state or local authorities with jurisdiction of the work (such that the Project may be substantially completed and fit for its intended purpose), and shall comply with all applicable federal, state and local laws and regulations.

BAM Subcontract at 10.

17. BAM also agreed to be responsible for full compliance, including compliance by lower-tier subcontractors, with all applicable federal, state, and local laws, statutes, and regulations. BAM Subcontract at 38.

18. BAM also agreed to "comply with all regulatory and statutory requirements of the Contract Documents" and "indemnify, defend and hold Contractor harmless from any damages, including fines and penalties, to the extent resulting from or related to Subcontractor's noncompliance or violation of a regulatory or statutory obligation." BAM Subcontract at 27.

19. Pursuant to Section XXIV of the BAM Subcontract, BAM further agreed to the following:

> Subcontractor shall also indemnify and hold harmless Contractor from any and all claims, demands, causes of action, damages, costs, expenses, attorneys' fees, losses or liability of every kind and nature whatsoever arising out of or in connection with Subcontractor's operations to be performed under this Subcontract Agreement, and to the extent caused by Subcontractor's breach of any of its obligations under the Contract Documents.

BAM Subcontract at 23.

20. To the extent there are violations of the FHAA related to the work BAM performed or supervised, those violations are the result of BAM's own negligence or wrongdoing.

21. BAM's negligence or wrongdoing triggered its duties under the BAM Subcontract to indemnify Clayco, hold Clayco harmless, and defend Clayco from the claims made by Plaintiff relating to the alleged FHAA violations that were the result of BAM's work at the Property.

22. Clayco performed all of its obligations under the BAM Subcontract.

23. In breach of its obligations, BAM has failed to indemnify Clayco, hold Clayco harmless, and defend Clayco from the claims made by Plaintiff relating to the alleged FHAA violations that were the result of BAM's work at the Property.

24. To the extent Clayco is found liable to Plaintiff for any violations of the FHAA related to the work BAM performed or supervised, Clayco will be damaged as a direct and proximate result of BAM's negligent acts and/or omissions under the BAM Subcontract.

WHEREFORE, Defendant/Third-Party Plaintiff Clayco, Inc., respectfully requests that, if it is found liable to Plaintiff Kevin Brown under his First Amended Complaint, this Court enter a judgment in Clayco's favor and against BAM Contracting, LLC, for all liability, losses, and expenses, including attorneys' fees and costs Clayco incurs as a result of BAM's negligence or wrongdoing, and for such additional relief this Court deems just and proper.

**COUNT II: Contribution against BAM**

25. Clayco incorporates paragraphs 1 through 24 above as if fully set forth herein.

26. At all times relevant hereto, BAM owed Clayco a duty to exercise reasonable care in the performance of BAM's work related to the Property.

27. At all times relevant hereto, BAM owed Clayco a duty to perform its work at the Property in a manner that was appropriate, proper, and safe.

28. At all times relevant hereto, BAM owed Clayco a duty to perform its work at the Property in accordance with all normal and common standards for its work.

29. At all times relevant hereto, BAM owed Clayco a duty to perform its work at the Property in accordance with all applicable federal, state, and local laws, statutes, and regulations.

30. To the extent Clayco is found liable to Plaintiff for any violations of the FHAA related to the work BAM performed or supervised, Clayco is entitled to contribution from BAM in an amount proportionate to the fault of BAM's negligence.

WHEREFORE, Defendant/Third-Party Plaintiff Clayco, Inc., respectfully requests that, if it is found liable to Plaintiff Kevin Brown under his First Amended Complaint, this Court apportion any monetary judgment in favor of Plaintiff Kevin Brown between it and BAM Contracting, LLC, reflective of each party's own negligence or wrongdoing, and for such additional relief this Court deems just and proper.

**COUNT III: Breach of Contract against BAM**

31. Clayco incorporates paragraphs 1 through 30 above as if fully set forth herein.

32. Clayco and BAM entered into the BAM Subcontract on or about May 14, 2019.

33. Pursuant to the BAM Subcontract, BAM agreed to provide work at the Property according to the description provided in the BAM Subcontract and subsequent related change orders.

34. Pleading hypothetically, the Property has numerous features that violate the FHAA.

35. Pleading hypothetically, BAM breached the BAM Subcontract and subsequent related change orders.

36. Pleading hypothetically, BAM's breaches proximately caused the FHAA violations at the Property.

37. Clayco performed all of its obligations under the BAM Subcontract and subsequent related change orders.

38. If Clayco is held liable for damages arising out of the Property, Clayco will be damaged as a direct and proximate result of BAM's breaches of the BAM Subcontract and subsequent related change orders.

WHEREFORE, Defendant/Third-Party Plaintiff Clayco, Inc., respectfully requests that, if it is found liable to Plaintiff Kevin Brown under his First Amended Complaint, this Court enter a judgment in its favor and against BAM Contracting, LLC, for all liability, losses, and expenses, including attorneys' fees and costs Clayco incurs as a result of BAM's breach of the BAM Subcontract and subsequent related change orders, and for such additional relief this Court deems just and proper.

## **COUNT IV: Indemnification against KB**

39. Clayco incorporates paragraphs 1 through 38 above as if fully set forth herein.

40. On or about November 5, 2019, Clayco entered into a valid subcontract with KB for materials and installation work related to the Property ("KB Subcontract").

41. Section IX of the KB Subcontract includes the following provision:

> Subcontractor warrants that its design and/or engineering shall include all applicable specifications and criteria specified by the Contract Documents, shall be sufficient to pass all applicable inspections and testing required by any federal, state or local authorities with jurisdiction of the work (such that the Project may be substantially completed and fit for its intended purpose), and shall comply with all applicable federal, state and local laws and regulations.

KB Subcontract at 9.

42. KB also agreed to be responsible for full compliance, including compliance by lower-tier subcontractors, with all applicable federal, state, and local laws, statutes, and regulations. KB Subcontract at 34.

43. KB also agreed to "comply with all regulatory and statutory requirements of the Contract Documents" and "indemnify, defend and hold Contractor harmless from any damages,

including fines and penalties, to the extent resulting from or related to Subcontractor's noncompliance or violation of a regulatory or statutory obligation." KB Subcontract at 22.

44. Pursuant to Section XXIV of the Sachs Subcontract, Sachs further agreed to the following:

> Subcontractor shall also indemnify and hold harmless Contractor from any and all claims, demands, causes of action, damages, costs, expenses, attorneys' fees, losses or liability of every kind and nature whatsoever arising out of or in connection with Subcontractor's operations to be performed under this Subcontract Agreement, and to the extent caused by Subcontractor's breach of any of its obligations under the Contract Documents.

KB Subcontract at 19.

45. To the extent there are violations of the FHAA related to the work KB performed or supervised, those violations are the result of KB's own negligence or wrongdoing.

46. KB's negligence or wrongdoing triggered its duties under the KB Subcontract to indemnify Clayco, hold Clayco harmless, and defend Clayco from the claims made by Plaintiff relating to the alleged FHAA violations that were the result of KB's work at the Property.

47. Clayco performed all of its obligations under the KB Subcontract.

48. In breach of its obligations, KB has failed to indemnify Clayco, hold Clayco harmless, and defend Clayco from the claims made by Plaintiff relating to the alleged FHAA violations that were the result of KB's work at the Property.

49. To the extent Clayco is found liable to Plaintiff for any violations of the FHAA related to the work KB performed or supervised, Clayco will be damaged as a direct and proximate result of KB's negligent acts and/or omissions under the KB Subcontract.

WHEREFORE, Defendant/Third-Party Plaintiff Clayco, Inc., respectfully requests that, if it is found liable to Plaintiff Kevin Brown under his First Amended Complaint, this Court enter a judgment in Clayco's favor and against KB Install, L.L.C., for all liability, losses, and expenses,

including attorneys' fees and costs Clayco incurs as a result of KB's negligence or wrongdoing, and for such additional relief this Court deems just and proper.

**COUNT V: Contribution against KB**

50. Clayco incorporates paragraphs 1 through 49 above as if fully set forth herein.

51. At all times relevant hereto, KB owed Clayco a duty to exercise reasonable care in the performance of KB's work related to the Property.

52. At all times relevant hereto, KB owed Clayco a duty to perform its work at the Property in a manner that was appropriate, proper, and safe.

53. At all times relevant hereto, KB owed Clayco a duty to perform its work at the Property in accordance with all normal and common standards for its work.

54. At all times relevant hereto, KB owed Clayco a duty to perform its work at the Property in accordance with all applicable federal, state, and local laws, statutes, and regulations.

55. To the extent Clayco is found liable to Plaintiff for any violations of the FHAA related to the work KB performed or supervised, Clayco is entitled to contribution from KB in an amount proportionate to the fault of KB's negligence.

WHEREFORE, Defendant/Third-Party Plaintiff Clayco, Inc., respectfully requests that, if it is found liable to Plaintiff Kevin Brown under his First Amended Complaint, this Court apportion any monetary judgment in favor of Plaintiff Kevin Brown between it and KB Install, L.L.C., reflective of each party's own negligence or wrongdoing, and for such additional relief this Court deems just and proper.

**COUNT VI: Breach of Contract against KB**

56. Clayco incorporates paragraphs 1 through 55 above as if fully set forth herein.

57. Clayco and KB entered into the KB Subcontract on or about November 5, 2019.

58. Pursuant to the KB Subcontract, KB agreed to provide work at the Property according to the description provided in the KB Subcontract.

59. Pleading hypothetically, the Property has numerous features that violate the FHAA.

60. Pleading hypothetically, KB breached the KB Subcontract.

61. Pleading hypothetically, KB's breaches proximately caused the FHAA violations at the Property.

62. Clayco performed all of its obligations under the KB Subcontract.

63. If Clayco is held liable for damages arising out of the Property, Clayco will be damaged as a direct and proximate result of KB's breaches of the KB Subcontract.

WHEREFORE, Defendant/Third-Party Plaintiff Clayco, Inc., respectfully requests that, if it is found liable to Plaintiff Kevin Brown under his First Amended Complaint, this Court enter a judgment in its favor and against KB Install, L.L.C., for all liability, losses, and expenses, including attorneys' fees and costs Clayco incurs as a result of KB's breach of the KB Subcontract, and for such additional relief this Court deems just and proper.

## COUNT VII: Indemnification against Wies

64. Clayco incorporates paragraphs 1 through 63 above as if fully set forth herein.

65. On or about September 5, 2018, Clayco entered into a valid subcontract with Wies for framing drywall and plaster work related to the Property ("Wies Subcontract").

66. Section IX of the Wies Subcontract includes the following provision:

> Subcontractor warrants that its design and/or engineering shall include all applicable specifications and criteria specified by the Contract Documents, shall be sufficient to pass all applicable inspections and testing required by any federal, state or local authorities with jurisdiction of the work (such that the Project may be substantially completed and fit for its intended purpose), and shall comply with all applicable federal, state and local laws and regulations.

Wies Subcontract at 9.

67. Wies also agreed to be responsible for full compliance, including compliance by lower-tier subcontractors, with all applicable federal, state, and local laws, statutes, and regulations. Wies Subcontract at 35.

68. Wies also agreed to "comply with all regulatory and statutory requirements of the Contract Documents" and "indemnify, defend and hold Contractor harmless from any damages, including fines and penalties, to the extent resulting from or related to Subcontractor's noncompliance or violation of a regulatory or statutory obligation." Wies Subcontract at 24.

69. Pursuant to Section XXIV of the Wies Subcontract, Wies further agreed to the following:

> Subcontractor shall also indemnify and hold harmless Contractor from any and all claims, demands, causes of action, damages, costs, expenses, attorneys' fees, losses or liability of every kind and nature whatsoever arising out of or in connection with Subcontractor's operations to be performed under this Subcontract Agreement, and to the extent caused by Subcontractor's breach of any of its obligations under the Contract Documents.

Wies Subcontract at 21.

70. To the extent there are violations of the FHAA related to the work Wies performed or supervised, those violations are the result of Wies's own negligence or wrongdoing.

71. Wies's negligence or wrongdoing triggered its duties under the Wies Subcontract to indemnify Clayco, hold Clayco harmless, and defend Clayco from the claims made by Plaintiff relating to the alleged FHAA violations that were the result of Wies's work at the Property.

72. Clayco performed all of its obligations under the Wies Subcontract.

73. In breach of its obligations, Wies has failed to indemnify Clayco, hold Clayco harmless, and defend Clayco from the claims made by Plaintiff relating to the alleged FHAA violations that were the result of Wies's work at the Property.

74. To the extent Clayco is found liable to Plaintiff for any violations of the FHAA related to the work Wies performed or supervised, Clayco will be damaged as a direct and proximate result of Wies's negligent acts and/or omissions under the Wies Subcontract.

WHEREFORE, Defendant/Third-Party Plaintiff Clayco, Inc., respectfully requests that, if it is found liable to Plaintiff Kevin Brown under his First Amended Complaint, this Court enter a judgment in Clayco's favor and against Wies Drywall and Construction Corp. for all liability, losses, and expenses, including attorneys' fees and costs Clayco incurs as a result of Wies's negligence or wrongdoing, and for such additional relief this Court deems just and proper.

**COUNT VIII: Contribution against Wies**

75. Clayco incorporates paragraphs 1 through 74 above as if fully set forth herein.

76. At all times relevant hereto, Wies owed Clayco a duty to exercise reasonable care in the performance of Wies's work related to the Property.

77. At all times relevant hereto, Wies owed Clayco a duty to perform its work at the Property in a manner that was appropriate, proper, and safe.

78. At all times relevant hereto, Wies owed Clayco a duty to perform its work at the Property in accordance with all normal and common standards for its work.

79. At all times relevant hereto, Wies owed Clayco a duty to perform its work at the Property in accordance with all applicable federal, state, and local laws, statutes, and regulations.

80. To the extent Clayco is found liable to Plaintiff for any violations of the FHAA related to the work Wies performed or supervised, Clayco is entitled to contribution from Wies in an amount proportionate to the fault of Wies's negligence.

WHEREFORE, Defendant/Third-Party Plaintiff Clayco, Inc., respectfully requests that, if it is found liable to Plaintiff Kevin Brown under his First Amended Complaint, this Court

apportion any monetary judgment in favor of Plaintiff Kevin Brown between it and Wies Drywall and Construction Corp. reflective of each party's own negligence or wrongdoing, and for such additional relief this Court deems just and proper.

**COUNT IX: Breach of Contract against Wies**

81. Clayco incorporates paragraphs 1 through 80 above as if fully set forth herein.

82. Clayco and Wies entered into the Wies Subcontract on or about September 5, 2018.

83. Pursuant to the Wies Subcontract, Wies agreed to provide work at the Property according to the description provided in the Wies Subcontract and subsequent related change orders.

84. Pleading hypothetically, the Property has numerous features that violate the FHAA.

85. Pleading hypothetically, Wies breached the Wies Subcontract and subsequent related change orders.

86. Pleading hypothetically, Wies's breaches proximately caused the FHAA violations at the Property.

87. Clayco performed all of its obligations under the Wies Subcontract and subsequent related change orders.

88. If Clayco is held liable for damages arising out of the Property, Clayco will be damaged as a direct and proximate result of Wies's breaches of the Wies Subcontract and subsequent related change orders.

WHEREFORE, Defendant/Third-Party Plaintiff Clayco, Inc., respectfully requests that, if it is found liable to Plaintiff Kevin Brown under his First Amended Complaint, this Court enter a judgment in its favor and against Wies Drywall and Construction Corp. for all liability, losses, and expenses, including attorneys' fees and costs Clayco incurs as a result of Wies's breach of the

Wies Subcontract and subsequent related change orders, and for such additional relief this Court deems just and proper.

## <u>COUNT X: Indemnification against Wil-Bond</u>

89. Clayco incorporates paragraphs 1 through 88 above as if fully set forth herein.

90. On or about August 29, 2019, Clayco entered into a valid subcontract with Wil-Bond for storefront and interior glazing work related to the Property ("Wil-Bond Subcontract").

91. Section IX of the Wil-Bond Subcontract includes the following provision:

> Subcontractor warrants that its design and/or engineering shall include all applicable specifications and criteria specified by the Contract Documents, shall be sufficient to pass all applicable inspections and testing required by any federal, state or local authorities with jurisdiction of the work (such that the Project may be substantially completed and fit for its intended purpose), and shall comply with all applicable federal, state and local laws and regulations.

Wil-Bond Subcontract at 9.

92. Wil-Bond also agreed to be responsible for full compliance, including compliance by lower-tier subcontractors, with all applicable federal, state, and local laws, statutes, and regulations. Wil-Bond Subcontract at 34.

93. Wil-Bond also agreed to "comply with all regulatory and statutory requirements of the Contract Documents" and "indemnify, defend and hold Contractor harmless from any damages, including fines and penalties, to the extent resulting from or related to Subcontractor's noncompliance or violation of a regulatory or statutory obligation." Wil-Bond Subcontract at 23.

94. Pursuant to Section XXIV of the Wil-Bond Subcontract, Wil-Bond further agreed to the following:

> Subcontractor shall also indemnify and hold harmless Contractor from any and all claims, demands, causes of action, damages, costs, expenses, attorneys' fees, losses or liability of every kind and nature whatsoever arising out of or in connection with Subcontractor's operations to be performed under this Subcontract Agreement, and

> to the extent caused by Subcontractor's breach of any of its obligations under the Contract Documents.

Wil-Bond Subcontract at 20.

95. To the extent there are violations of the FHAA related to the work Wil-Bond performed or supervised, those violations are the result of Wil-Bond's own negligence or wrongdoing.

96. Wil-Bond's negligence or wrongdoing triggered its duties under the Wil-Bond Subcontract to indemnify Clayco, hold Clayco harmless, and defend Clayco from the claims made by Plaintiff relating to the alleged FHAA violations that were the result of Wil-Bond's work at the Property.

97. Clayco performed all of its obligations under the Wil-Bond Subcontract.

98. In breach of its obligations, Wil-Bond has failed to indemnify Clayco, hold Clayco harmless, and defend Clayco from the claims made by Plaintiff relating to the alleged FHAA violations that were the result of Wil-Bond's work at the Property.

99. To the extent Clayco is found liable to Plaintiff for any violations of the FHAA related to the work Wil-Bond performed or supervised, Clayco will be damaged as a direct and proximate result of Wil-Bond's negligent acts and/or omissions under the Wil-Bond Subcontract.

WHEREFORE, Defendant/Third-Party Plaintiff Clayco, Inc., respectfully requests that, if it is found liable to Plaintiff Kevin Brown under his First Amended Complaint, this Court enter a judgment in Clayco's favor and against Wil-Bond Construction LLC for all liability, losses, and expenses, including attorneys' fees and costs Clayco incurs as a result of Wil-Bond's negligence or wrongdoing, and for such additional relief this Court deems just and proper.

**COUNT XI: Contribution against Wil-Bond**

100. Clayco incorporates paragraphs 1 through 99 above as if fully set forth herein.

101. At all times relevant hereto, Wil-Bond owed Clayco a duty to exercise reasonable care in the performance of Wil-Bond's work related to the Property.

102. At all times relevant hereto, Wil-Bond owed Clayco a duty to perform its work at the Property in a manner that was appropriate, proper, and safe.

103. At all times relevant hereto, Wil-Bond owed Clayco a duty to perform its work at the Property in accordance with all normal and common standards for its work.

104. At all times relevant hereto, Wil-Bond owed Clayco a duty to perform its work at the Property in accordance with all applicable federal, state, and local laws, statutes, and regulations.

105. To the extent Clayco is found liable to Plaintiff for any violations of the FHAA related to the work Wil-Bond performed or supervised, Clayco is entitled to contribution from Wil-Bond in an amount proportionate to the fault of Wil-Bond's negligence.

WHEREFORE, Defendant/Third-Party Plaintiff Clayco, Inc., respectfully requests that, if it is found liable to Plaintiff Kevin Brown under his First Amended Complaint, this Court apportion any monetary judgment in favor of Plaintiff Kevin Brown between it and Wil-Bond Construction LLC reflective of each party's own negligence or wrongdoing, and for such additional relief this Court deems just and proper.

**COUNT XII: Breach of Contract against Wil-Bond**

106. Clayco incorporates paragraphs 1 through 105 above as if fully set forth herein.

107. Clayco and Wil-Bond entered into the Wil-Bond Subcontract on or about August 29, 2019.

108. Pursuant to the Wil-Bond Subcontract, Wil-Bond agreed to provide work at the Property according to the description provided in the Wil-Bond Subcontract.

109. Pleading hypothetically, the Property has numerous features that violate the FHAA.

110. Pleading hypothetically, Wil-Bond breached the Wil-Bond Subcontract.

111. Pleading hypothetically, Wil-Bond's breaches proximately caused the FHAA violations at the Property.

112. Clayco performed all of its obligations under the Wil-Bond Subcontract.

113. If Clayco is held liable for damages arising out of the Property, Clayco will be damaged as a direct and proximate result of Wil-Bond's breaches of the Wil-Bond Subcontract.

WHEREFORE, Defendant/Third-Party Plaintiff Clayco, Inc., respectfully requests that, if it is found liable to Plaintiff Kevin Brown under his First Amended Complaint, this Court enter a judgment in its favor and against Wil-Bond Construction LLC for all liability, losses, and expenses, including attorneys' fees and costs Clayco incurs as a result of Wil-Bond's breach of the Wil-Bond Subcontract, and for such additional relief this Court deems just and proper.

Respectfully submitted,

**BLITZ, BARDGETT & DEUTSCH, L.C.**

By: *_/s/ Robert D. Blitz_*
Robert D. Blitz, #24387MO
Christopher O. Bauman, #52480MO
Thomas H. Limbrick, #69196MO
120 S. Central Avenue, Ste. 1500
St. Louis, Missouri 63105
(314) 863-1500
(314) 863-1877 (facsimile)
rblitz@bbdlc.com
cbauman@bbdlc.com
tlimbrick@bbdlc.com

*Attorneys for Clayco, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on July 31, 2023, the foregoing was served via the Court's CM/ECF system on all counsel of record.

*/s/ Robert D. Blitz*